1
Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3
San Francisco, CA 94104
(415) 882-7900
4
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
5
mstafford@sjlawcorp.com
6
Attorneys for Plaintiffs
7
8
9
                        UNITED STATES DISTRICT COURT
10
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| F. G. CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SURVEYORS GROUP, INC., a California Corporation, <br><br> Defendant. | Case No.:  C10-3160 JSW <br><br> **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

18

19      IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be

20 entered in the within action in favor of the Plaintiffs OPERATING ENGINEERS HEALTH AND

21 WELFARE TRUST FUND, et al. (collectively 'Plaintiffs' or 'Trust Funds') and against Defendant

22 SURVEYORS GROUP, INC., a California Corporation, and/or alter egos and/or successor

23 entities, ('Defendant' or 'Surveyors Group'), as follows:

24      1.      Defendant entered into valid Collective Bargaining Agreement with the Operating

25 Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement

26 continues in full force and effect to the present time.

27      2.      Timothy G. Blair, President of Defendant Surveyors Group, Inc. hereby

28 ///

acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Judge Larson's Notices; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United States Magistrate Judge for Trial, Consent, Declination; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Process Before a Magistrate Judge; Reassignment Order; and Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement.

    3.    Defendant has become indebted to the Trust Funds as follows:

    A.    <u>Audit</u> ("Part A"):

| Audit (1/1/06-12/31/07) | $18,228.26 | |
|---|---|---|
| *Credit (Over-reported contrib.)* | *<$827.04>* | |
| | | $17,401.22 |
| Liquidated damages (on Audit) | | $5,043.18 |
| Interest (on Audit) | | $7,825.99 |
| Audit Costs | | $3,999.50 |
| **TOTAL** | | **$34,269.89** |

    B.    <u>Contributions</u> ("Part B"):

| Contributions (5/08-5/09) | $73,664.06 | |
|---|---|---|
| Liquidated damages | $31,433.52 | |
| Interest | $16,269.19 | |
| | | $121,366.77 |
| Attorneys' Fees (6/1/10-7/19/10) | $1,041.50 | |
| Cost of Suit | $350.00 | |
| | | $1,391.50 |
| **TOTAL** | | **$122,758.27** |

    4.    Defendant shall make parallel payments of the above amounts as follows:

///

2

**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C10-3160 JSW**
P:\CLIENTS\OE3CL\Surveyors Group, Inc\Pleadings\Acknowledgement and Judgment Pursuant to Stipulation 072110.DOC

1  (a)  **Part A – Audit**: Defendant shall *conditionally* pay the amount of

2  **$17,401.22,** representing the total amount due on the Audit ($34,269.89), less conditionally

3  waived liquidated damages in the audit ($5,043.18), interest in the audit ($7,825.99),  and costs  of

4  the audit ($3,999.50).  *This waiver is* expressly *conditioned upon timely compliance with all of the*

5  *terms of this Stipulation,* as follows:

6  (i)  Beginning on August 15, 2010, and on or before the 15th day of

7  each month thereafter, until all amounts due under the Audit are paid in full, Defendant shall pay

8  to Plaintiffs the amount of **$500.00** per month.  *Plaintiffs acknowledge receipt of three payments*

9  *of $500.00 (beginning with check dated May 19, 2010) which shall be credited to Part A above.*

10  (b)  **Part B – Contributions**: Defendant shall *conditionally* pay the amount of

11  **$73,664.06,** representing May 2008 through May 2009 contributions, less conditionally waived

12  liquidated damages ($31,433.52), interest ($16,269.19) and attorney's fees and costs through July

13  19, 2010 ($1,391.50). *This waiver is* expressly *conditioned upon timely compliance with all of the*

14  *terms of this Stipulation,* as follows:

15  (i)  Beginning on August 15, 2010, and on the 15th day of each month

16  thereafter, for twelve (12) months thereafter through July 15, 2011, Defendant shall pay to

17  Plaintiffs the amount of **$500.00** per month;

18  (ii)  Thereafter, beginning with the payment due for August 15, 2011, the

19  payment amount shall increase to **$750.00** per month for the next twelve (12) months through July

20  15, 2012;

21  (iii)  Thereafter, beginning with the payment due for August 15, 2012, the

22  payment amount shall increase to **$1,000.00** per month until all amounts are paid in full.

23  (c)  The parallel payments required above may be made by joint check as

24  provided in ¶ 4(f) below, if endorsed prior to submission.  Defendant shall have the right to

25  increase the monthly payments at any time without any penalty for prepayment.

26  (d)  The parallel payments shall be applied to unpaid principal. Interest shall

27  accrue separately on the unpaid principal balance of Parts A and B, respectively, at the rate of 10%

28  per annum, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

1   Agreements. *Such accumulated interest shall be conditionally waived, conditioned upon*
2   *Defendant's timely compliance with all of the terms of this Stipulation.* In the event of default,
3   such accrued interest will be due and payable by Defendant to Plaintiff.

4         (e)    Prior to Defendant's final payments, Plaintiffs shall notify Defendant in
5   writing as to the status of the waivers conditioned on timely payment pursuant to ¶¶ 4(a), 4(b) and
6   4(d) above, as well as any additional attorneys' fees and costs incurred as provided in ¶ 10(d).
7   Plaintiffs shall further notify Defendant in writing as to the final amount due. Any additional
8   amounts due pursuant to the provisions hereunder shall be paid in full with the respective final
9   stipulated payments required pursuant to ¶¶ 4(a) and 4(b) above, unless the parties agree to an
10  extension of time for the payment of additional amounts due, if any.

11        (f)    Checks shall be made payable to the *Operating Engineers Trust Funds*, and
12  delivered on or before each due date to <u>Muriel B. Kaplan at Saltzman & Johnson Law</u>
13  <u>Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other
14  address as may be specified by Plaintiffs.

15      5.    In the event that any check is not timely submitted or fails to clear the bank, or is
16  unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be
17  considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written
18  demand to Defendant to cure said default within seven (7) days of the date of the notice from
19  Plaintiffs. If caused by a failed check, default will only be cured by the issuance of a replacement
20  *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day
21  cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments,
22  *all such future payments shall be made by cashier's check.* In the event default is not cured, all
23  amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

24      6.    Beginning with contributions due for hours worked by Defendant's employees
25  during the month of July 2010, due on August 15, 2010 and delinquent if not **received** by the
26  Trust Funds before August 25, 2010, and for every month thereafter until this Judgment is
27  satisfied, Defendant **shall remain current in contributions** due to Plaintiffs under the current
28  Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882 9287, prior to sending the payment to the Trust Fund office.**  To the extent that Defendant is working on a Public Works job, or any other job for which **Certified Payroll Reports** are required, copies of said Reports must be faxed to Muriel B. Kaplan concurrently with their submission to the general contractor, owner or other reporting agency.

7.      Failure by Defendant to remain current in monthly contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 10 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8.      Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs on copies of the form attached hereto as *Exhibit A,* including all information requested therein, and including certified payroll reports if a public works job, and time period worked or to be worked.  **Defendant shall fax said updated list each month together with the contribution report and check (as required by ¶ 6 of this Stipulation) to Muriel B. Kaplan at 415-882-9287.** Failure to provide this information shall constitute a default under the terms of this agreement.

9.      Timothy G. Blair acknowledges that he is the President of Defendant Surveyors Group, Inc., and acknowledges that all successors in interest to Surveyors Group, Inc., if any, as well as any assigns, and/or affiliated entities or purchasers, shall be contractually bound by the terms of this Stipulation.  This shall include any additional entities in which Timothy G. Blair is an

1    officer, owner or possesses any ownership interest.  All such entities shall specifically consent to

2    the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, sale,

3    affiliation or purchase.

4          10.     In the event that Defendant fails to make any payment required under ¶ 4 above, or

5    fails to remain current in any contributions under ¶ 6 above or fails to timely provide the monthly

6    documents required by ¶¶ 6 and 8 herein, then:

7          (a)     The entire amount of **$157,028.16** (Part A: $34,269.89; Part B:

8    $122,758.27), plus interest, reduced by principal payments received by Plaintiffs, but increased by

9    any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest on

10   those unpaid contributions until paid, shall be immediately due, together with any additional

11   attorneys' fees and costs incurred during the term of this Stipulation.

12         (b)     A Writ of Execution may be obtained against Defendant without further

13   notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

14   upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment

15   theretofore made by or on behalf of Defendant and the balance due and owing as of the date of

16   default.

17         (c)     Defendant waives any notice of Entry of Judgment or of any Request for a

18   Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

19   The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

20   and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

21   Execution, without notice to Defendant.

22         (d)     Defendant shall pay all additional attorneys' fees and costs incurred by

23   Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to

24   Plaintiffs under this Stipulation.

25         11.     Any failure on the part of the Plaintiffs to take any action against Defendant as

26   provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

27   a waiver of any subsequent breach by the Defendant of any provisions herein.

28   ///

**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C10-3160 JSW**
P:\CLIENTS\OE3CL\Surveyors Group, Inc\Pleadings\Acknowledgement and Judgment Pursuant to Stipulation 072110.DOC

12.     In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17.     Defendant represents and warrants that it has had the opportunity to be or has been represented by counsel of its own choosing in connection with entering this Stipulation under the

///

///

///

///

///

**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C10-3160 JSW**
P:\CLIENTS\OE3CL\Surveyors Group, Inc\Pleadings\Acknowledgement and Judgment Pursuant to Stipulation 072110.DOC

terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: August 12, 2010 **SURVEYORS GROUP, INC.**

By: /S/Timothy G. Blair
Timothy G. Blair, President

Dated: August 12, 2010 **SALTZMAN AND JOHNSON LAW CORPORATION**

By: /S/Muriel B. Kaplan
Muriel B. Kaplan
Attorneys for Plaintiffs
Operating Engineers Trust Funds

The Court declines to retain jurisdiction until this Judgment is satisfied.

IT IS SO ORDERED

Dated: August 23 , 2010 _____
UNITED STATES DISTRICT COURT JUDGE

8

ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C10-3160 JSW
P:\CLIENTS\OE3CL\Surveyors Group, Inc\Pleadings\Acknowledgement and Judgment Pursuant to Stipulation 072110.DOC